# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL M. CARTER,
        Petitioner,

    v.                                                     Case No. 07C0068

JUDY P. SMITH,
        Respondent.

## DECISION AND ORDER

Pro se petitioner Daniel M. Carter, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction after a jury trial of delivery of a controlled substance as a repeat offender, for which he was sentenced to four years of incarceration and three years of extended supervision. Petitioner unsuccessfully sought post-conviction relief in the circuit court and appealed his conviction and the denial of his post-conviction motion to the state court of appeals. The state court of appeals affirmed, and the state supreme court denied review.

In his petition, petitioner raises several claims. First, he argues that his trial counsel ineffectively represented him at sentencing by failing to seek an adjournment, failing to present mitigating evidence, and failing to object to and present evidence refuting the state's claim that he took advantage of his cognitively disabled co-defendant, Glenda Donnell, by taking over her house to sell drugs. With respect to this claim, the state court of appeals held:

> The circuit court properly exercised its discretion in denying [petitioner]'s motion without a hearing. We agree with the circuit court that the motion presented conclusory allegations and failed to allege sufficient facts which, if true, would entitle [petitioner] to relief. [Petitioner]'s motion

> claimed that if sentencing had been adjourned, he would have presented favorable information. However, [petitioner]'s motion did not specify what that information would have been. Therefore, he could not establish that he was prejudiced by trial counsel's failure to seek an adjournment. Beyond his mere denial of his treatment of Donnell, which the circuit court previously deemed not credible, [petitioner]'s motion did not provide a factual basis for his claim that this information was inaccurate.

(Answer Ex. D at 3.)

To obtain habeas relief based on this claim, petitioner must show that the state court of appeals unreasonably applied Strickland v. Washington, 466 U.S. 668, 687 (1984) (defining ineffective assistance of counsel as deficient performance that prejudiced the defense). 28 U.S.C. § 2254(d). Petitioner fails to make the necessary showing. As in the state courts, he presents no evidence that the state's assertion that he took advantage of Donnell was false nor does he explain what mitigating evidence would have been obtained upon an adjournment. Thus, he provides no reason to support a conclusion that his counsel rendered ineffective assistance. A lawyer is not ineffective for failing to present evidence that does not exist or failing to refute an assertion without having a basis for doing so. I have no basis for concluding that anything that petitioner's counsel allegedly failed to do, such as seeking an adjournment, presenting evidence or obtaining more input from petitioner, could have affected the outcome of the case. Therefore, I cannot conclude that the state court of appeals's determination that his counsel was not ineffective was unreasonable.

Petitioner also argues that the sentencing court violated his due process rights by relying on improper sentencing factors and inaccurate information regarding his relationship with Donnell.[1] The first argument, that the sentencing court relied on an

---

[1]This is the first time petitioner has raised this argument outside the context of an ineffective assistance of counsel claim. I will assume, without deciding, that petitioner did

improper "gender bias," is meritless and is not supported by the record, and I therefore will not address it. The second argument, that the sentencing court relied on inaccurate information based on hearsay without giving petitioner the opportunity to rebut the state's allegations, also fails. The use of hearsay in sentencing proceedings is not improper. U.S. v. Beal, 960 F.2d 629, 634 (7th Cir. 1992). Moreover, the sentencing court did not deprive petitioner of the opportunity to refute the information relating to petitioner's treatment of Donnell. Rather, the court initially gave petitioner the choice to delay sentencing to a later date, but petitioner chose to go ahead with the sentencing. Additionally, the court allowed petitioner and his attorney the chance to address and refute the allegations made by the state. See id. at 634-35. However, the sentencing court determined that, based on petitioner's prior untruthful testimony, petitioner's explanation was not credible; instead, the court credited the state's allegations, which were partially corroborated by trial testimony about Donnell's mental capacity. See United States v. Schuster, 948 F.2d 313, 315 (7th Cir. 1991) ("Determinations of credibility by the sentencing judge are entitled to great deference on review."). To the extent petitioner did not have the chance to present his own witnesses, he again has not identified any information that these witnesses, such as his mother or a teacher, could provide that would have dissuaded the sentencing judge of the accuracy of the information about Donnell. In light of this, I cannot say the state court of appeals acted unreasonably in its denial of petitioner's claims.

Petitioner makes several other claims, but I need not consider them. He claims that his lawyer did not adequately communicate with him and should have withdrawn from the case, but he procedurally defaulted his claim because he did not present it at all levels of

---

not default this claim.

review in the state courts. He claims that the circuit court should have granted him an evidentiary hearing on his post-conviction motion, see State v. Bentley, 201 Wis.2d 303 (Wis. 1996), but this is a state law claim, rather than federal, and is not cognizable in a federal habeas petition, Pulley v. Harris, 465 U.S. 37, 41 (1984); moreover, he failed to develop the argument in his brief. Finally, he claims that he was confused about his decision to testify, but he also failed to develop this argument in his brief.

Therefore,

**IT IS ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 17 day of December, 2007.

/s
LYNN ADELMAN
District Judge